**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BORN FREE USA<br>8737 Colesville Road, Suite 715<br>Silver Spring, MD 20910<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. FISH AND WILDLIFE SERVICE<br>1849 C Street, N.W.<br>Washington, D.C. 20240<br><br>　　　　Defendant. | Civil Action No. 1:18-cv-567 |

## **COMPLAINT**

　　1.　　Plaintiff Born Free USA ("BFUSA") brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking access to records maintained by Defendant United States Fish and Wildlife Service ("FWS").

　　2.　　The records at issue concern FWS' establishment of the International Wildlife Conservation Council (the "IWCC"), which, among other things, is intended to "advise the Secretary of the Interior on the *benefits* that international recreational hunting has on foreign wildlife and habitat conservation, anti-poaching and illegal wildlife trafficking programs, and other ways in which international hunting benefits human populations in these areas." *See* Press Release, "Secretary Zinke Announces the Creation of the International Wildlife Conservation Council" (Nov. 8, 2017) (emphasis added), a true and correct copy of which is attached hereto as Exhibit 1. In other words, the stated purpose of the IWCC presupposes that activities like trophy hunting create these benefits, rather than providing balanced information from multiple

1

perspectives to advise Secretary Zinke of any potential benefits, as well as the known drawbacks, of international hunting.  Because trophy hunting eliminates wildlife and has limited, if any, proven long-term conservation value, the establishment of a purely pro-international hunting body puts the lives of wild animals at risk.

3. The FOIA Request at issue seeks documents related to the duties of the IWCC, the circumstances under which it was established, and under what criteria its members were selected.

4. FWS not only has ignored the statutory deadline for responding to this FOIA Request, but it unilaterally gave itself an extension of time, which it then also missed.  Yet, the first meeting of the IWCC is scheduled to take place on March 16, 2018.

5. Moreover, the members of the IWCC have now been made public, which includes officers of Safari Club International and National Rifle Association.  Given these entities' close relationship with Secretary Zinke, including support during campaigns, it is perhaps not surprising that FWS has been pushing a pro-hunting agenda, including the creation of the IWCC. It also is not surprising that FWS has chosen not to be transparent about the IWCC prior to its first public meeting.

6. By failing to provide a final determination on the foregoing FOIA Request or to produce non-exempt portions of responsive records in a timely manner, FWS has withheld records to which BFUSA has a right.  This action seeks to compel disclosure of this critical wildlife information under FOIA.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201.

8.\tVenue is proper pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

9.\tBFUSA is a national animal advocacy non-profit 501(c)(3) organization with a mission to end the suffering of wild animals in captivity, rescue individual animals in need, protect wildlife in their natural habitats, and encourage compassionate conservation globally. In carrying out its mission, BFUSA uses various investigative and legal tools to educate the public about the challenges facing wildlife.

10.\tFWS is a federal government agency within the meaning of 5 U.S.C. § 552(f)(1) and is a bureau within the U.S. Department of the Interior ("DOI"). FWS has possession, custody, and control of records to which BFUSA seeks access and which are the subject of this Complaint.

## FACTS

11.\tVia FWS' website, BFUSA submitted a FOIA request to FWS on November 21, 2017 (the "FOIA Request") for the following records:

> (1) all documents relating to the creation of the IWCC, including the authority or basis for the creation of the IWCC;
>
> (2) all documents relating to the duties of the IWCC;
>
> (3) all documents relating to the selection criteria for, and selection and confirmation of, the members of the IWCC; and
>
> (4) all documents to, from, or on which Secretary of the Interior Ryan Zinke is copied/blind copied relating to the creation of and selection criteria for the IWCC.

The relevant time period for this FOIA Request is January 1, 2017 to November 21, 2017.

12. That same day, BFUSA received an e-mail from DOI confirming receipt of the FOIA Request (and including a copy of the complete text of the FOIA Request). *See* E-mail from DOI to Rachel Taschenberger (BFUSA) dated Nov. 21, 2017, a true and correct copy of which is attached hereto as Exhibit 2.

13. On November 27, 2017, BFUSA received an e-mail from FWS' "Headquarters Freedom of Information Act Office," again acknowledging receipt of the FOIA Request on November 21, 2017, and including the contact information for Shaunta Nichols for "any questions or concerns." *See* E-mail from Sheri S. Williams to Rachel Taschenberger (BFUSA) dated Nov. 27, 2017, a true and correct copy of which is attached hereto as Exhibit 3.

14. The November 27, 2017 e-mail included the prior (November 21, 2017) e-mail from DOI to BFUSA, as well as the statement: "The results of this submission may be viewed at: https://www.doi.gov/node/11498/submission/314572." *See id.*

15. On December 21, 2017, having received no response to the FOIA Request, BFUSA called the phone number provided in the November 27, 2017 e-mail. A recording stated that the phone number was "disconnected or is no longer in service."

16. On December 21, 2017, BFUSA sent an e-mail to Ms. Nichols (the FWS' contact provided to BFUSA) to inquire about the status of the FOIA Request. *See* E-mail from Rachel Taschenberger (BFUSA) to Shaunta Nichols (FWS) dated Dec. 21, 2017, a true and correct copy of which is attached hereto as Exhibit 4.

17. More than one month later, on January 29, 2018, Ms. Nichols sent a virtually blank e-mail to BFUSA, addressed in the body to "Ms. Bale," attaching a letter from "FWS FOIA Officer" Carrie Hyde-Michaels to BFUSA dated January 29, 2018. *See* E-mail from Shaunta Nichols (FWS) to Rachel Taschenberger (BFUSA) dated Jan. 29, 2018, a true and

correct copy of which is attached hereto as Exhibit 5.  The letter yet again acknowledged receipt of the FOIA Request, but unilaterally indicated that the FOIA Request "falls into the Complex processing track[,]" so FWS "expect[s] that we will dispatch a determination to you by February 20, 2018." *Id.*

18. That same day, BFUSA responded to Ms. Nichols' e-mail, acknowledging the letter and stating that: "[w]hile Born Free USA is disappointed in receiving documents within a 60-day time frame, we will agree to this, and look forward to receiving all responsive documents on or before February 20, 2018." *See* E-mail from Rachel Taschenberger (BFUSA) to FOIA, FWHQ dated Jan. 29, 2018, a true and correct copy of which is attached hereto as Exhibit 6.

19. On March 9, 2018, BFUSA sent another e-mail to Ms. Nichols, inquiring as to the status of FWS' response to the FOIA Request, including sending responsive documents to BFUSA, which was to be done by February 20, 2018 – approximately three weeks back.  *See* E-mail from Rachel Taschenberger (BFUSA) to Shaunta Nichols dated March 9, 2018, a true and correct copy of which is attached hereto as Exhibit 7.

20. On March 12, 2018, BFUSA received a phone call from FWS FOIA Officer Carrie Hyde-Michaels.  Ms. Hyde-Michaels did not explain why FWS missed both the statutory and its own self-extended deadlines, other than to say that FWS has been busy and that the FOIA Request was "complex."  She informed BFUSA that FWS is still working on the FOIA Request, and would have an update by March 30, 2018 (and that there may be some responsive documents produced to BFUSA in the near future with respect to one of the items in the FOIA Request).  However, Ms. Hyde-Michaels could not provide any specific dates for a final determination or release of all responsive records, or any meaningful update as to the other three items in the FOIA Request.

21. No final determination has been received by BFUSA regarding this FOIA Request. No responsive documents have been made available to BFUSA regarding this FOIA Request. And, as of March 12, 2018, the webpage identified in the November 27, 2017 e-mail does not work; instead, an error message appears that states, "The page you requested does not exist."

22. The FOIA Request that is the subject of this Complaint is overdue. The FOIA Request has been pending for more than 20 business days.

## COUNT I
### (Failure to Comply with Statutory Requirements)

23. BFUSA re-alleged and incorporates all preceding paragraphs as if fully set forth herein.

24. FOIA requires an agency to accept, process, and respond to any valid request for access to agency records within twenty (20) business days. 5 U.S.C. § 552(a)(6)(A)-(B). If an agency requires additional time, FOIA mandates that the agency provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" *Id.*

25. FWS has failed to issue a final determination on or produce records responsive to BFUSA's FOIA Request within the applicable FOIA time limits (including the self-provided extension to February 20, 2018). *Id.*

26. The Court should compel FWS to promptly make a determination on BFUSA's FOIA Request and disclose all responsive records.

## **RELIEF REQUESTED**

WHEREFORE, BFUSA respectfully requests and prays that this Court:

a. Order FWS to process BFUSA's FOIA Request and issue a determination on that request within ten (10) business days of the date of the Order;

b. Order FWS to produce all responsive records within five (5) business days of issuing its final determination on BFUSA's FOIA Request;

c. Award BFUSA its costs and/or reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

d. Grant such other relief as the Court may deem just and proper.

Dated: March 14, 2018                                        Respectfully submitted,

*/s/ Prashant K. Khetan*
Prashant K. Khetan, Esq.
D.C. Bar No. 477636
Born Free USA
8737 Colesville Road, Suite 715
Silver Spring, MD 20910
prashant@bornfreeusa.org

*Attorney for Plaintiff*